UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER MAYER,

Plaintiff,

v.

8:25-CV-0510
(GTS/DJS)

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISON,

Defendant.

---

APPEARANCES: OF COUNSEL:

SANDERS & SANDERS
Counsel for Plaintiff
401 Maryvale Drive
Cheektowaga, NY 14225-2601

HARVEY P. SANDERS, ESQ.

HON. LETITIA A. JAMES
N.Y.S. ATTORNEY GENERAL
Counsel for Defendant
300 South State Street, Suite 300
Syracuse, NY 13202

ELIZABETH V. LOMBARDI, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this action pursuant to the Family Medical Leave Act ("FMLA") filed by Christopher Mayer ("Plaintiff") against the New York State Department of Corrections and Community Supervision ("NYSDOCCS" or "Defendant"), is Defendant's motion to stay proceedings in this action pending the resolution of arbitration. (Dkt. No. 32.) For the reasons set forth below, Defendant's motion is granted.

## I. RELEVANT BACKGROUND

**A. Plaintiff's Complaint**

Generally, in his Complaint, Plaintiff asserts that Defendant retaliated against him in violation of the FMLA by terminating his employment for being absent from work despite the fact that those absences were covered by validly approved FMLA leave. (Dkt. No. 1.)

**B. Parties' Briefing on Defendant's Motion to Stay**

**1. Defendant's Memorandum of Law**

Generally, in its motion, Defendant makes three arguments. (Dkt. No. 32, Attach. 1.) First, Defendant argues that this action should be stayed pending the completion of arbitration pursuant to the Federal Arbitration Act ("FAA") because (a) such a stay is mandatory when a petition is made and the Court determines that the issues involved are referrable to arbitration under a qualifying agreement, (b) Plaintiff, as a member of the New York State Corrections Officer and Police Benevolent Association ("NYSCOPBA"), is subject to the terms of NYSCOPBA's Collective Bargaining Agreement ("CBA"), which covers disputes concerning the application and interpretation of the CBA as well as grievances alleging improper or unjust discipline, (c) Plaintiff's claim that he was improperly terminated for being designated absent without authorization while he was on FMLA leave falls within the terms of the CBA, and (d) Plaintiff has indeed filed three grievances under the CBA challenging his termination based on similar facts and proposed relief as those alleged here, and those grievance are currently ongoing toward a resolution conference and arbitration. (*Id.* at 13-16.)

Second, Defendant argues that the Court alternatively should stay this matter pursuant the abstention doctrine outlined in *Colorado River Water Conservation Dist. v. United States*, 42 U.S. 800 (1976) because (a) this federal action and an active state court action between

NYSCOPBA and Defendant are parallel in that they involve the same parties and issues presented for resolution as well as the same remedy sought, and (b) the relevant factors support a stay in that (i) granting a stay would avoid piecemeal litigation and prevent inconsistent findings, (ii) the state court action was filed first and the federal action is in the early stages of development, and (iii) the state procedures are adequate to protect Plaintiff's federal rights under the FMLA. (*Id.* at 16-19.)

Third, Defendant argues that the Court alternatively should grant a stay pursuant to its inherent power because (a) considerations of comity weigh in favor of a stay, (b) a stay would serve judicial efficiency, (c) the state proceedings are adequate to provide full and fair relief, (d) the parties in interest are essentially the same between the actions, (e) there is no reason to believe the state court proceedings will not provide a prompt resolution, (f) the parties are served by having the issues resolved in one forum, and (g) Plaintiff will not be prejudiced by a stay. (*Id.* at 19-21.)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant's motion, Plaintiff makes four arguments. (Dkt. No. 33.) First, Plaintiff argues that a stay should not be granted pursuant to the FAA because his grievances under the CBA are distinct from his FMLA claims in this case. (*Id.* at 5-6.)

Second, Plaintiff argues that a stay should not be granted pursuant to the FAA also because the allegations in this federal action are not within the scope of the CBA's arbitration agreement in that the CBA does not make explicitly clear that claims brought under the FMLA specifically (or all causes of action arising from employment generally) are subject to arbitration. (*Id.* at 7-9.)

Third, Plaintiff argues that a stay should not be granted pursuant to *Colorado River* because (a) the state court case between NYSDOCCS and NYSCOPBA is not a parallel proceeding in that involves issues and remedies distinct from those raised here, namely the termination of health insurance, and those are governed by different legal standards, and (b) the relevant factors weigh decidedly in favor of this Court exercising its jurisdiction. (*Id.* at 10-14.)

Fourth, Plaintiff argues that the Court also should not issue a stay pursuant to its discretionary powers because (a) the federal and state actions, while containing some factual similarity, require different analyses and seek different remedies pursuant to different statutes, (b) resolution of the state action will not completely resolve the claims raised in this federal action, and (c) there is also reason to believe based on Defendant's past conduct that resolution in the state court case will not be prompt. (*Id.* at 14-17.)

**3. Defendant's Reply Memorandum of Law**

Generally, in reply to Plaintiff's opposition, Defendant makes three arguments. (Dkt. No. 34.) First, Defendant argues that the case should be stayed pursuant to the CBA because (a) unlike in the cases Plaintiff relies upon, arbitration has not yet been completed and he could continue this federal action if that does not yield a mutual resolution, and (b) Defendant is not attempting to compel arbitration, nor has it asserted that Plaintiff has waived any rights to assert an FMLA claim by being subject to the CBA but rather seeks only a stay pending the outcome of the grievance process (which includes arbitration) that is already occurring. (*Id.* at 5-8.)

Second, Defendant argues that a stay is also appropriate under the *Colorado River* standard for the reasons it has already argued. (*Id.* at 8.)

Third, Defendant argues that the Court should exercise its inherent power to stay this federal action because (a) Plaintiff's three grievances have advanced past step three of the required process and are proceeding to a resolution conference and arbitration, suggesting there will be a prompt resolution on those issues that will then inform whether this federal action needs to proceed, (b) Plaintiff did not file a motion for preliminary injunction related to his concerns of receiving a prompt resolution or preventing prejudice to himself, and (c) Plaintiff has not argued that any delay in this action caused by granting a stay will prejudice him through the loss of evidence, increased difficulties related to discovery, or the creation of opportunities for fraud or collusion. (*Id.* at 8-10.)

## II. ANALYSIS

After careful consideration of whether this matter should be stayed pending the resolution of the arbitration proceedings, the Court answers that question in the affirmative for the reasons Defendant stated in its memoranda of law as to the FAA. *See, supra,* Part I.B.1 and 3 of this Decision and Order. To those reasons, the Court adds the following analysis.

"To decide whether a dispute is arbitrable, a court assesses: '(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue.'" *Shirazi v. LVNV Funding, LLC*, 25-CV-2992, 2026 WL 2516964, at *4 (S.D.N.Y. Aug. 26, 2026) (quoting *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 [2d Cir. 2015]). "'Under the FAA, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *LeDeatte v. Horizon Media*, 571 F. Supp. 3d 72, 75 (S.D.N.Y. 2021) (quoting *JLM Indus., Inc. v. Stolt-Nielsen SA*,

387 F.3d 163, 171 [2d Cir. 2004]). Where a dispute is arbitrable and a party has requested a stay pending arbitration, granting such a stay is mandatory under Section 3 of the FAA. *See Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024) (noting that, pursuant to the plain language of the statute, a court is required to stay proceedings if the statutory conditions are met); *accord Jules v. Andre Balazs Props*., 608 U.S. 200, 204 (2026).

The parties do not dispute that the agreement that controls the Court's analysis here is the CBA, which was entered into between the Executive Branch of the State of New York and NYSCOPBA. (Dkt. No. 32, Attach. 4.) Article 7 of the CBA subjects disputes concerning "the application and/or interpretation of this Agreement" to "all steps of the grievance procedure including arbitration" unless the provision is specifically excluded, and specifies that "[a]ny other dispute or grievance concerning a term or condition of employment … shall be processed up to and including the conference phase of the Alternate Dispute Resolution Process, and not beyond," unless the issue involved has a review procedure established by law or pursuant to rules or regulations filed with the Secretary of State. (Dkt. No. 32, Attach. 4, at 12.) The relevant procedure involves first a multi-step grievance procedure, and then, if that procedure does not resolve the issue, it proceeds to the outlined Alternate Dispute Resolution Process. That process involves (a) submitting a demand for arbitration, (b) a resolution conference, and then (c) either expedited or full arbitration. (*Id.* at 13-14.) Notably, pursuant to this process, any dispute between the parties as to whether an issue is arbitrable is itself explicitly subject to determination by the arbitrator. (*Id.* at 15.)

Beyond this general grievance procedure, the CBA also includes, in Article 8, a specific procedure to be used in cases where a disciplinary action is sought, including "a loss of leave

credits or other privilege, written reprimand, fine, suspension without pay, reduction in grade, or dismissal from service." (Dkt. No. 32, Attach. 4, at 16.) Upon receiving the required notice of the disciplinary action sought, the individual may file a grievance, which, if not settled or resolved, may be appealed to disciplinary arbitration. (*Id.* at 16-17.)

Here, it appears that, as to the relevant dispute resolution proceedings, Plaintiff submitted three grievances: (1) on March 11, 2025, he asserted that Defendant inappropriately classified certain of his absences from work as his being absent without authorization ("AWOA") despite his approved FMLA request, a misclassification that resulted in termination of his employment based on Article 14 of the CBA, which deems an employee to have resigned from his position if he or she is AWOA for a certain number of consecutive workdays; (2) on March 12, 2025, he asserted that DOCCS ordering him to return to duty during a time period covered by his medical provider's declaration that he was unable to work "violated Article 14 of the Agreement, New York Civil Service Law and/or the Family Medical Leave Act"; and (3) also on March 12, 2025, he asserted that DOCCS violated his right to due process pursuant to Article 8 of the CBA by terminating his employment without an arbitration hearing or a finding of just cause, especially considering he has documentation of approved FMLA leave that provides a satisfactory explanation for his absences and that undermines the basis for terminating his employment. (Dkt. No. 32, Attachs. 5, 6, 7.)

Although the underlying action that led to the filing of these grievances was the termination of his employment, all of them appear to be governed by the procedure outlined in Article 7 of the CBA rather than Article 8. Indeed, all of these grievances assert a disagreement regarding Defendant's application of Article 14 and Article 8 of the CBA, namely his dispute

with being classified as AWOA rather than as being on approved FMLA/worker's compensation leave at the relevant time and his dispute that Defendant did not comply with the due process requirement of Article 8 before terminating his employment. Because these grievances all appear to be disputes related to the "application and/or interpretation" of the CBA, the relevant dispute resolution process includes all of the enumerated steps, including arbitration, as there is no indication that either Article 14 or Article 8 are excluded. As a result, there is an agreement to arbitrate present in the CBA.

Having made this determination, the next question is whether Plaintiff's FMLA claim asserted in this action falls within the scope of that agreement. The Second Circuit has indicated that, in circumstances where there is an arbitration clause covering a broad range of disputes, "'if the allegations underlying the claims touch matters covered by the parties' contracts, then those claims must be arbitrated, whatever the legal labels attached to them.'" *JLM Indus., Inc.*, 387 F.3d at 172 (quoting *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 77 [2d Cir. 1998], *abrogated on other grounds*). Here, a key basis of Plaintiff's argument in his grievances is that he was improperly considered to be AWOA because he in fact was using his approved FMLA leave. The allegations in the Complaint overlap with the factual assertions made in the grievances that will be subject to arbitration in that both rely upon the existence of approved FMLA leave validly used on the relevant dates. As such, whether Plaintiff had been approved for FMLA leave and validly applied it to the relevant dates when he was absent from work (both of which questions are relevant to whether he had a "satisfactory explanation for such absence" as required by Article 14.10 of the CBA) will almost certainly be issues presented during the arbitration of his grievances, even if those proceedings would not be arbitrating the full scope of

his FMLA claim specifically. As a result, at least some aspects of Plaintiff's FMLA claim are arbitrable as related to his filed grievances.[1]

---

[1] Plaintiff's reliance on *Slaughter v. Am. Bldg. Maint. Co. of New York*, 64 F. Supp. 2d 319, 331 (S.D.N.Y. 1999) is not persuasive. That case notably did not arise in the context of a party seeking a stay pending arbitration, but rather where the arbitration had already occurred and the defendant sought to use the arbitrator's decision to warrant the application of collateral estoppel to the plaintiff's FMLA claim. *Slaughter*, 64 F. Supp. 2d at 330-31. However, the fact that an arbitration decision is not preclusive of a federal claim because it involved findings on contractual issues rather than a decision specifically on the FMLA claim says nothing about whether the issues underlying an FMLA claim might be arbitrable so as to warrant a stay pending arbitration.

Further, Plaintiff's argument that the agreement must specifically name the FMLA to place his claim here within the scope of the arbitration agreement for the purposes of determining whether a claim is arbitrable misrepresents the authority he cites. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009) involved a question of whether union members could be compelled to arbitrate discrimination claims brought pursuant to various federal and state statutes based on language in the collective bargaining agreement, which, in part, notably stated that [a]ll such claims shall be subject to the grievance and arbitration procedure … *as the sole and exclusive remedy for violations.*" 556 U.S. at 251-52 (emphasis added); *see also Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 361 (S.D.N.Y. 2016) (noting that the terms of the antidiscrimination provision in the collective bargaining agreement stated that "[a]ny claim by an employee of any such discrimination will be submitted to arbitration under Article 12 *as the exclusive forum for resolving such a claim*") (emphasis added). In other words, in these cases, the collective bargaining agreement acted as a waiver of the union members' right to file an action related to any such claims in federal court. That is not the case presented here. There is nothing in the CBA that suggests that Plaintiff has waived his right to file an FMLA claim in federal court merely because there is a grievance procedure in place to resolve disputes about the application or interpretation of the CBA. The question here is not whether Plaintiff should be compelled to arbitrate his FMLA claim, but rather whether that claim is sufficiently within the scope of the pending arbitration to warrant a stay of these proceedings until that arbitration has been completed; that a claim is not *required* to be arbitrated does not inherently mean that it is removed from the scope of arbitrability for the purposes here where, again, resolution of the issues Plaintiff himself has submitted to the process through his grievances would touch upon issues bearing upon his FMLA claim. Because finding a matter is arbitrable and granting a stay does not constitute a finding that Plaintiff waived his right to bring his FMLA claim in this Court, the cases he relies upon are inapplicable. *Cf. Anderson v. Phoenix Beverages, Inc.*, 12-CV-1055, 2017 WL 9481014, at *10 (E.D.N.Y. July 17, 2017) (supporting the proposition that, absent express waiver, a party may bring a claim in federal court); *see also* Black's Law Dictionary, (12th Ed. 2024) (defining the word "arbitrable" as "[s]ubject to or *suitable for* arbitration") (emphasis added).

Moreover, to the extent the parties do not agree whether any aspect of the FMLA claim is arbitrable for the purposes of this motion for a stay, Article 7 explicitly states that "[i]n the event a disagreement exists regarding arbitrability of an issue, the arbitrator shall make a preliminary determination whether the issue is arbitrable under the express terms of this Agreement." (Dkt. No. 32, Attach. 4, at 15.) Thus, the CBA expresses that the parties have agreed that the very question of whether the issues here are arbitrable is a matter for arbitration. *See Vargas v. Bay Terrace Plaza LLC*, 378 F. Supp. 3d 190, 195 (E.D.N.Y. 2019) (noting that "courts are generally tasked with deciding whether a dispute is arbitrable, unless 'the parties agreed to submit the question of arbitrability itself to arbitration'") (quoting *All. Bernstein Inv. Rsch and Mgmt, Inc v. Schaffran*, 445 F.3d 121, 125 [2d Cir. 2006]). Lastly, as was noted above, it is a general principle that doubts regarding the scope of arbitrable issues should be resolved in favor of arbitrability. *LeDeatte*, 571 F. Supp. 3d at 75 (quoting *JLM Indus., Inc.*, 387 F.3d at 171).

For all of the above reasons, the Court finds that core issues related to Plaintiff's FMLA claim here appear to be arbitrable. Having made that finding, Article 3 of the FAA requires that this action be stayed pending resolution of the arbitration related to Plaintiff's pending grievances. To the extent that perhaps only some issues related to Plaintiff's FMLA claim rather than the entire claim are arbitrable, the Court nevertheless would exercise its discretion to stay this action in light of the fact that development of certain important aspects related to Plaintiff's FMLA claim in arbitration could inform the record in this action and a stay would prevent the expenditure of unnecessary resources or duplicative discovery. *See Duke v. Luottica U.S. Holdings Corp.*, 167 F.4th 16, 32 (2d Cir. 2026) (indicating that a court has the discretion to stay even matters not subject to arbitration pursuant to its discretionary power to control its docket).

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to stay pending arbitration (Dkt. No. 32) is **GRANTED**; and it is further

**ORDERED** that this action is **STAYED** pending resolution of the arbitration proceedings related to Plaintiff's grievances under the CBA. Once those proceedings have resolved, the parties should notify the Court of that fact, upon which notice the Court will lift the stay and reset the deadlines applicable to this action.

Dated: October 8, 2026
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge